GARNETT MAY ROBERTS, Appellant, *v.* PHILIP F. DONOHUE and Another, Respondents.

First Department, June 24, 1927.

**Husband and wife — separation — action on bond to secure payment of future alimony — complaint states cause of action.**

In an action on a bond executed by the defendant to secure the payment of future alimony granted in a separation action, the complaint states facts sufficient to constitute a cause of action and there is no basis for the contention of the defendants that there is no allegation that any alimony was awarded pursuant to the order of the court and that there is a failure to allege that any alimony awarded pursuant to the order of the court is unpaid.

APPEAL by the plaintiff, Garnett May Roberts, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of April, 1927, denying plaintiff's motion to strike out the answer of the defendants and for summary judgment, and granting the cross-motion of the defendants for judgment on the pleadings, and also from a judgment entered in said clerk's office on the 29th day of April, 1927, pursuant to said order.

*John B. Doyle,* for the appellant.

*Frank W. Chambers* of counsel [*Henry Siegrist* with him on the brief; *Smith, Chambers & Clare,* attorneys], for the respondents.

MARTIN, J.   The plaintiff seeks to recover the sum of $4,500 upon an undertaking for $5,000, given by the defendants pursuant to an order of the court, to secure to plaintiff payment of alimony by her husband in her action against him for separation in the Supreme Court, New York county.   The defendants paid $500 on account of their liability upon said undertaking.   The security was required to be furnished in connection with a reference as to whether alimony should continue in the sum fixed, $1,000 a month.

The complaint alleges that on June 30, 1925, plaintiff obtained a decree which directed the husband to pay the plaintiff as alimony $1,000 per month in advance beginning July 1, 1925; that pursuant to the order referred to these defendants executed and delivered an undertaking, by which they undertook to pay upon demand to the plaintiff all alimony which might be awarded to her " pursuant to the last mentioned order of this Court."

A copy of the undertaking, which was approved, is attached to the complaint.   It is dated September 4, 1925, and after reciting: " Whereas an order was made by Hon. Charles D. Donohue, Justice of the Supreme Court, on the 18th day of August, 1925, requiring the defendant above named to give security for the payment of alimony in the sum of $500 monthly in two installments of $250 each on the 1st and 15th days of each and every month," it provides that the defendants " jointly and severally undertake " that they will pay upon demand to the plaintiff Garnett May Roberts, above named, all alimony which may be awarded to her pursuant to the said order of Mr. Justice DONOHUE, not exceeding $5,000.

The respondents contend that there are two defects in the complaint: (1) That there is no allegation that any alimony was awarded pursuant to the order of Mr. Justice DONOHUE, and (2) that there is a failure to allege that any alimony awarded " pursuant to the said order of Mr. Justice DONOHUE " is unpaid.

The bond provided for the payment of future alimony awarded by the order.   That order directed that all arrears of alimony be paid under the judgment dated June 30, 1925, at the rate of $500 per month beginning on July 1, 1925, and that the defendant file security to be approved by the court within twenty days from the date thereof, in the sum of $5,000 to secure *future payment of alimony.*

It was clearly the intention of the bond that the payment of all alimony to accrue in the future should be secured to the extent of $5,000.

The bondsmen became liable for all alimony that accrued after the entry of the order to the extent of $5,000; and the pleader alleged in paragraph " Fourth: " " Thereafter and on or about the

18th day of December, 1926, the final order and determination of this Court was duly made confirming the said award of alimony to this plaintiff under said judgment of June 30th, 1925, and said order of August 18th, 1925."

It is also alleged: " Under the aforesaid judgment of June 30th, 1925, the said order of August 18th, 1925, and said final order of December 18th, 1926, there has become due and owing from said Walter Scott Roberts to this plaintiff, and remains unpaid, alimony amounting to the sum of Twelve Thousand Five Hundred ($12,500) Dollars." '

The allegations of the pleading are complete. They set forth a good cause of action and the complaint should not have been dismissed.

The order and judgment should be reversed, with costs, and the matter remitted to Special Term to determine the amount of alimony, the payment of which was secured by the bond, which is due and owing thereunder, for which judgment should be entered, with costs.

DOWLING, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed, with costs, and matter remitted to Special Term to determine the amount of alimony, the payment of which was secured by the bond, which is due and owing thereunder, for which judgment should be entered, with costs. Settle order on notice.